F. S. ROYSTER GUANO COMPANY, INC., AND BLOUNT-HARVEY COM-
PANY, INC., V. L. W. WILSON AND WIFE, MAGGIE WILSON.

(Filed 16 March, 1927.)

APPEAL by plaintiffs from *Sinclair, J.,* at September Term, 1926, of
PITT. Affirmed.

*Blount & James for plaintiffs.*
*F. C. James & Son for defendants.*

PER CURIAM. This is an action by plaintiffs against defendants. The
first cause of action is to recover the sum of $975.20 and interest from
defendant, L. W. Wilson, on a note executed 18 January, 1922, to
Blount-Harvey Company, or order, as agent for F. S. Royster Guano
Company. The indebtedness was alleged to have been contracted in the
year 1920 for fertilizer.

The second cause of action is to set aside a deed conveying three
tracts of land, made by L. W. Wilson, 10 December, 1920, after the
indebtedness was contracted, to his wife, Maggie Wilson, recorded in
register of deeds office in Pitt County, Book S-13, p. 368, when heavily
indebted at the time, same being fraudulent and void as to creditors
and of no effect against plaintiffs.

The defendant, L. W. Wilson, in answer (1) Admits the debt; and
in further answer says (2) that the deed to his wife was made for a
valuable consideration; that the land was purchased with his wife's
money and by inadvertence or oversight taken in his name. "And these
defendants, both of them, most emphatically deny that the said con-
veyance of 10 December, 1920, was made to hinder, delay or defeat any
of the rights of the plaintiffs or to defraud any one, but was made in
furtherance of promises repeatedly made several years prior thereto to
convey the lands to the said Maggie Wilson, the same having been pur-
chased and paid for with funds belonging to her. . . . That the
fact is that in January, 1921, the plaintiffs knew of the conveyance
to Maggie Wilson on 10 December, 1920, and called it to the attention
of the defendant L. W. Wilson, and asked him to give a new note and
have his wife join with him in the execution, and that his wife at that
time refused to sign any note whatsoever." (3) Pleads the statute of
limitations: "That more than three years have elapsed since the execu-
tion and registration of the deed from L. W. Wilson to Maggie Wilson,
dated 10 December, 1920, and recorded in Book S-13, page 368, and
these defendants both plead the three-year statute of limitations in bar
of any recovery of this action; that more than three years have elapsed

since it came to the actual knowledge of the plaintiffs that the deed of 10 December, 1920, from L. W. Wilson to Maggie Wilson, recorded in Book S-13, p. 368, has been executed, and these defendants plead the three-year statute of limitations in bar of any recovery of this action."

Since the institution of the action, Maggie Wilson has died, and her children made parties. The minors are duly represented by guardian *ad litem.*

At the close of plaintiff's evidence the defendants made a motion for judgment as in case of nonsuit on the second cause of action, which the court below granted. The plaintiffs assigned error and appealed to this Court. Plaintiffs introduced the deed from L. W. Wilson to his wife, reciting a consideration of $3,000. We think, under all the facts and circumstances of this case, the nonsuit was properly granted. See *Latham v. Latham,* 184 N. C., p. 55. The judgment below is

Affirmed.